**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

OLANREWAJU A. IDEWU,

                  **Plaintiff,**                2008-CV-0057

    v.

KEVIN SEALEY,

                  **Defendant.**

TO:    Scot F. McChain, Esq.
         Maxwell D. McIntosh, Esq.

### ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL

THIS MATTER came before the Court upon Plaintiff Olanrewaju A. Idewu's Motion to Compel Production of Defendant Kevin J. Sealey's Fed. R. Civ. P. 26(A)(1)(a) Disclosures (Docket No. 11). This order is issued without necessity of response.

Plaintiff states that his said motion is filed pursuant to Fed. R. Civ. P. 37(a)(3)(A). Motion at 1. The motion then notes that this rule is "[m]ade applicable to the Superior Court of the Virgin Islands." Motion at 1 n.1. However, this matter is pending in the District Court of the Virgin Islands and, as such, is governed by this Court's Local Rules of Civil Procedure.

*Idewu v. Sealey*
2008-CV-0057
Order Regarding Plaintiff's Motion to Compel
Page 2

While the amendments to Local Rule of Civil Procedure 37 still are relatively new, all members of the bar are required to know and adhere to the procedures detailed therein. Local Rule of Civil Procedure 37.1 explicitly states, "Prior to the filing of any motion relating to discovery pursuant to Fed. R. Civ. P. 26-37 . . . counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible." LRCi 37.1. As the instant motion is brought pursuant to Fed. R. Civ. P. 37 and involves a discovery dispute, it falls within the purview of LRCi 37. Rule 37.2 continues, "If counsel are unable to resolve all of their differences, they shall formulate and sign a written stipulation to that effect, expressly certifying their compliance with LRCi 37.1." LRCi 37.2.

In the present matter, Defendant filed a bare motion, not a joint stipulation. Rule 37.2(c) specifically provides:

> The Court will not consider any discovery motion in the absence of (1) the signed stipulation and certification required by LRCi 37.2(a), or (2) a declaration from counsel for the moving party establishing that opposing counsel:
>
> (1) failed to confer in a timely manner after receipt of a letter requesting a conference under LRCi 37.1; or
>
> (2) refused to sign the stipulation and certification required by LRCi 37.2(a).

*Idewu v. Sealey*
2008-CV-0057
Order Regarding Plaintiff's Motion to Compel
Page 3

LRCi 37.2(c).

Thus, in the absence of a stipulation and a declaration from counsel for Plaintiff establishing the failure of opposing counsel to meet and confer after receiving a letter as described in LRCi 37.1 or refusal to sign the stipulation, this Court will not consider Plaintiff's said motion and deny the same without prejudice.

Accordingly, it is hereby **ORDERED** Plaintiff's Motion to Compel (Docket No. 11) is **DENIED WITHOUT PREJUDICE**.

                                    ENTER:

Dated: February 6, 2009                    /s/ George W. Cannon, Jr.
                                                  GEORGE W. CANNON, JR.
                                                  U.S. MAGISTRATE JUDGE